UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60476-CIV-DIMITROULEAS/ROSENBAUM

MARLENE WHITTIER, as Personal
Representative of the Estate of Anthony
Diotaiuto, and individually,

      Plaintiff,

v.

CITY OF SUNRISE, a Municipality
of the State of Florida, ANDRE BRUNA,
individually, SEAN VISNERS, individually,
DAVID BOYETT, individually, DANIEL
KOBAYASHI, individually, ERIC GOLDSTEIN,
individually and ERIK PALACIO, individually,

      Defendants,
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant City of Sunrise's Verified Motion to Tax Costs [D.E. 254] based upon an Order of Reference [D.E. 257] entered by the Honorable William P. Dimitrouleas pursuant to 28 U.S.C. § 636. The Court has reviewed the Motion, Plaintiff's Opposition [D.E. 266], the City's Reply [D.E. 272], and has heard oral argument from counsel at a hearing conducted on the Motion to Tax Costs. Based on my review, I recommend that Plaintiff's Motion to Tax Costs be granted in part and denied in part as set forth herein.

### *I. BACKGROUND*

The underlying lawsuit involves claims asserted by Plaintiff in her individual capacity and as the personal representative of her son, Anthony Diotaiuto ("Diotaiuto") against Defendant City

1

of Sunrise ("City") and other defendants. Diotaiuto died following the execution of a search warrant on his home on August 5, 2005. Plaintiff claimed that one of the individual defendants wrongfully shot Diotaiuto, resulting in Diotauito's death and violating his Fourth Amendment rights. Plaintiff filed the Complaint against Defendants alleging counts of battery, negligence, and violation of civil rights. [D.E. 9]. The City ultimately filed a Motion for Summary Judgement [D.E. 133] which was subsequently granted by the Honorable William P. Dimitrouleas. [D.E. 238]. After succeeding on its Motion for Summary Judgment, the City filed a Motion to Tax Costs. That motion is now before the Court for consideration.

In this case, as the prevailing party, the City requests reimbursement of costs in the amount of $24,310.00.[1] This total is comprised of the following: $580.00 in service fees; $15,861.38 in court reporter fees (which includes $732.25 for videographer charges); $5,786.50 in witness fees; $343.00 for mediation services; $1,389.12 in exemplification charges; and $350.00 in fees paid to the Clerk of the Court for filing the removal. In Plaintiff's Opposition to City of Sunrise's Motion to Tax Costs, Plaintiff objects to the costs sought as a whole because defense counsel represented both the City and individual defendant Daniel Kobayashi ("Kobayashi"). Plaintiff reasons that because summary judgment was entered in favor of the City and not in favor of Kobayashi, the City is not entitled to reimbursement of all of the costs incurred on behalf of both defendants. Instead, Plaintiff proposes that the appropriate costs be reduced by half to account for the duplicate representation. In addition to this argument, Plaintiff objects to various itemized costs set forth by the City.

---

[1] In its Motion, the City's states that it seeks $24,312.00 in costs, however, the Court's calculation reflects that $24,310.00 in costs are actually sought by the City.

## II. ANALYSIS

**A.     Standard for Taxation of Costs**

A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute. *See* Fed. R. Civ. P. 54(d)(1).[2] Congress has delineated which costs are recoverable under Rule 54(d), Fed. R. Civ. P. *See* 28 U.S.C. § 1920; *see also Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co.*, 482 U.S. at 440-44. The Court, however, may not tax as costs any items not authorized by statute. *Id.*; *see also United States EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) ("EEOC"); *Morrison v. Reichhold Chemicals, Inc.* 97 F.3d 460, 464-65 (11th Cir. 1996); *Desisto College, Inc. v. Town of Howey-in-the Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989), *aff'd,* 914 F.2d 267 (11th Cir. 1990).[3]  When

---

[2]   Rule 54(d)(1) provides that "except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

[3]   Under 28 U.S.C. § 1920, the Court may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

challenging whether costs are taxable, the losing party bears the burden to demonstrate that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party. *See Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005); *Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 910 n.1 (M.D. Fla. 1989), *aff'd,* 914 F.2d 267 (11th Cir. 1990).

In this case, the City is the prevailing party. Consequently, it is presumptively entitled to an award of costs.

**B.     Apportionment of Costs Between the City and Kobayashi**

In its Response to the Motion to Tax Costs, Plaintiff notes that the Johnson Anselmo law firm represented both the City and Defendant Kobayashi, but emphasized that only the City is a prevailing party in this case because Kobayashi's Motion for Summary Judgment was denied. Plaintiff argues that the City is attempting to tax all of the costs incurred on behalf of both Kobayashi and the City. Due to the dual representation, Plaintiff contends that all of the costs sought cannot be said to be incurred solely on behalf of the City and, thus, proposes that the taxable costs sought be reduced by half.

The City points out that it, and not its counsel, is the prevailing party in this case. It further argues that the fact that the City happened to use the same law firm as Kobayashi does not alter the status of the City as a prevailing party. The City emphasizes that all of the costs sought were incurred on behalf of the City and contends that Plaintiff has not pointed to any evidence to suggest that Kobayashi had any individual responsibility for the costs sought by the City. Because all the costs sought were incurred by the City, as a prevailing party, the City argues that it is entitled to recover all of these costs.

During the hearing of this matter, counsel for Plaintiff cited *Jones v. Fleetwood Motor Homes*, 127 F. Supp. 2d 958 (N.D. Ill. 2000), in support of her contention that the Court should apportion the costs sought by the City. Upon reviewing *Jones*, I do not find that it dictates a finding that the costs sought by the City be reduced by half as proposed by Plaintiff. Although one of the prevailing parties in the *Jones* case, Crystal Valley, was represented by the same counsel that represented an unsuccessful co-defendant, the Court denied certain costs not based upon the dual representation but, rather, based upon other facts. Indeed, the *Jones* Court noted that Crystal Valley had made no attempt to delineate its costs separately from those of its co-defendant. *Id*. at 971. More significantly, the court noted that the bill of costs was submitted on behalf of Crystal Valley's unsuccessful co-defendant, and not Crystal Valley. *Id.* Because Crystal Valley did not timely submit a bill of costs, the court found that it could be denied its costs. *Id.* Ultimately, the court awarded only those costs that were conceded by plaintiff to have been paid by Crystal Valley. *Id*.

Here, unlike in *Jones*, the City did submit a bill of costs on its own behalf and did so in a timely fashion. Additionally, counsel for the City, as an officer of the court, represented that all of the costs sought were actually incurred on behalf of the City. In the absence of any evidence suggesting that the City did not, in fact, incur expenses it seeks, the costs sought should be awarded. As noted during the hearing, the City should be able to recover whatever it could have recovered had it litigated the case by itself. Indeed, as long as the costs were actually incurred by the City for items necessarily obtained in the case, the City should be reimbursed for those costs as set forth in § 1920.[4]

---

[4] Plaintiff also cites to *Gorelangton v. City of Reno*, 638 F. Supp. 1426 (D. Nev. 1986), in support of apportioning costs. However, the teachings of that case are also not applicable here. Plaintiff cites *Gorelangton* for the proposition that "where neither side has completely prevailed, the district court has broad discretion in apportioning costs." D.E. 266 at 2. Here, the City did prevail completely as compared to Plaintiff. Hence, it is entitled to its costs.

Of course, if Kobayashi ultimately prevails on the claims brought against him, he may not recover any overlapping costs that were awarded to the City.

**C.      Specific Costs Sought**

In the pending motion, the City seeks $24,310.00 in taxable costs. Although Plaintiff concedes that the City is entitled to a portion of this amount, she disputes a number of the entries listed as taxable costs. Plaintiff contends that many of the costs sought are not recoverable because they are unsubstantiated, excessive, and/or not taxable under 28 U.S.C. § 1920. Although the parties were ultimately able to agree on many of the costs sought, the Court sets forth by category each of the items sought in the City's Motion to Tax Costs.

**1.      Fees for Service of Summons and Subpoenas**

Plaintiff challenges the City's right to recover certain service fees. Specifically, of the $580.00 sought by the City, Plaintiff contests recovery of $220.00 incurred for service of subpoenas related to medical, education, and employment records of Diotaiuto. Plaintiff asserts that these charges are not recoverable because the documents sought were for mere convenience or for investigative purposes and were not utilized in the case. While Plaintiff argues that the charges as a whole are not recoverable under the circumstances, Plaintiff does not dispute the specific amounts of each subpoena.

The City, on the other hand, contends that obtaining information regarding Diotaiuto's level of health, education, and his earnings history were directly relevant in this wrongful death case. As the City notes, Plaintiff retained an expert witness to determine Diotaiuto's life expectancy and his future potential wage earnings. Thus, according to the City, it was reasonable and necessary for the City to conduct discovery concerning these matters by subpoenaing the records in question. The City

6

argues it was entitled to discovery regarding Diotaiuto's health, education, and employment because this information would have affected his life expectancy and earning potential in the future, had Diotaiuto not been killed during the execution of the search warrant.

The Court first notes that "private process server fees may be taxed pursuant to §§ 1920(1) and 1921." *EEOC*, 213 F.3d at 624; *see, e.g., Lovett v. KLLM, Inc.*, 2007 WL 983192, * 7 (N.D. Ga. March 26, 2007). However, fees should not exceed the statutory fees authorized in § 1921. *Id.* (citing *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996)). The statutory limit set forth in 28 C.F.R. § 0.114 provides that fees charged by the United Sates Marshals Service for personal service of process shall be $45.00 per hour (or portion thereof). Private process server fees for service of subpoenas are similarly recoverable. *See Dominguez v. Metro. Miami-Dade County*, 2005 WL 5671499, *3 (S.D. Fla. April 15, 2005) (holding costs of service of subpoenas recoverable); *For Play Ltd. v. Bow to Stern Maint., Inc.*, 2006 WL 3662339, * 10 (S.D. Fla. Nov. 6, 2006) (allowing private service processor fee averaging at $28.73 per service).

After hearing argument from opposing counsel during the hearing, counsel for Plaintiff ultimately conceded that the service fees associated with determining Diotaiuto's life expectancy and earning potential were compensable. The Court agrees. In this circuit, damages in a wrongful death case are calculated based on a decedent's life expectancy. *Ageloff v. Delta Airlines Inc.*, 860 F.2d 379, 388 (11th Cir. 1988). To determine life expectancy, courts may look at employment records. *See Hiatt v. United States*, 910 F.2d 737 (11th Cir. 1990). Additionally, any probative evidence is helpful in determining compensation in a wrongful death case. *Har-Pen Truck Lines, Inc. v. Mills*,

378 F.2d 705, 709-711 (5th Cir. 1967).[5]

In this case, the subpoenas for Diotaiuto's medical, employment, and education records were reasonable to determine potential damages in the event the Plaintiff prevailed. All of these records would have assisted in determining what Diotaiuto's life expectancy and earning potential would have been in the absence of the incident at issue. Here, Plaintiff hired an economist to calculate damages in accordance with the life expectancy of Diotaiuto. Under these circumstances, the City was entitled to view records that could refute Plaintiff's damages claims, which necessarily included information concerning Diotaiuto's life expectancy and earning potential.

The sole remaining cost contested by Plaintiff included the cost associated with service of a subpoena directed to Diotaiuto's bank, First National Bank of Arizona.[6] According to the City, it sought Diotaiuto's mortgage records in an attempt to show that he purchased his home with cash. The City's theory was that Diotaiuto worked as a bartender, but if he purchased his home for cash, this fact would tend to show that he made substantial money from his activity as a high-level drug dealer. According to the City, if Diotaiuto had been a big-league drug dealer, this information would justify the use of the SWAT team in executing the warrant on Diotaiuto's home and explain why the SWAT team needed to take greater measures in apprehending him.

Plaintiff objects to any reimbursement for the costs of serving the bank to obtain copies of Diotaiuto's mortgage documents. Plaintiff argues that Diotaiuto's mortgage was not an issue in the

---

[5] Decisions rendered by the Fifth Circuit prior to September 30, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[6] Although Plaintiff also initially objected to recovery of service fees incurred for a subpoena served on a personal injury law firm (*i.e.*, the Bernstein Law Firm), Plaintiff withdrew this objection during the hearing.

8

case, particularly since Plaintiff admitted that there was only a small down payment made on the home resulting in a large mortgage on the property. According to Plaintiff, these facts negated the City's theory.

While the Court understands the City's reasons for obtaining these records, it disagrees that this cost is recoverable. The subpoena served on First National Bank to obtain Diotaiuto's mortgage records was not necessary for use in the case because the status of Diotaiuto's mortgage was not needed to refute claims that were central to the case. Here, the claims asserted by Plaintiff related to the alleged inappropriate use of the SWAT team to execute the warrant and the SWAT team's actions once it entered the house. Consequently, what was relevant to the case was what the City thought and knew about Diotaiuto *at the time* that it executed the warrant to justify the use of SWAT and that it took the challenged actions once it entered the house. Even if the City obtained evidence that Diotaiuto bought his home with cash after serving the subpoena on the bank, this information would have been received *after* the incident that forms the basis of the Complaint. Accordingly, the information sheds no light on the City's state of mind at the time of the entry to Diotaiuto's home.[7]

Because the subpoena served on the bank was not necessary to the case, the City should not recover the $65.00 cost associated with service of First National Bank. All other service costs, however, should be awarded.

**2.      Court Reporter Fees**

Under § 1920(2), costs are recoverable for the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." *Id.* "Taxation of deposition

---

[7] As a matter of fact, Plaintiff proffered that the house was purchased not outright with cash, but rather, for a small down payment and a large mortgage.

costs is authorized by § 1920(2)." *EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *U.S. v. Kolestar*, 313 F.2d 835, 837-38 (5th Cir. 1963)); *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 464-65 (11th Cir. 1996). Recoverable costs include deposition transcript costs and attendance fees of the court reporter or per diem. *Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, * 4 (M.D. Fla. Feb. 21. 2007). However, the fees for expedited or condensed transcripts, compressed and mini script versions, and CD ROM's with ASCII are not reimbursable under § 1920. *Id.*; *Smith v. Quintiles Int'l*, 2007 WL 2412844, * 5 (M.D. Fla. Aug. 21, 2007); *University of Miami v. Intuitive Surgical, Inc.*, 2007 WL 781912, * 1 (S.D. Fla. March 13, 2007). *See also Feinschreiber v. U.S.*, No. 01-3628-CIV-HUCK, 2002 WL 31084156, *2 (S.D. Fla. Aug. 12, 2002) (declining to award costs for ASCII and minuscript) (citing *Scallet v. Rosenblum*, 176 F.R.D. 522, 527 (W.D. Va. 1997) (finding that "[m]ost courts have reasoned that minuscripts and disk copies are only for the convenience of attorneys")); *see also, e.g., Indiana Bell Telephone Co. v. Thrifty Call, Inc.*, No. IP 02–0170-C-H/K, 2005 WL 1799504, *1 (S.D. Ind. June 29, 2005) (excluding court reporter costs for extra products and services for the convenience of counsel). On the other hand, expedited shipping costs may be allowed upon a showing of need or extraordinary circumstance to justify that expense, and not solely for the convenience of counsel. *See, e.g., Kerns v. Pro-Foam of South Alabama*, 2007 WL 2710372, * 3 (S.D. Ala. Sept. 13, 2007).

      While Plaintiff does not object to the vast majority of the court reporter fees sought, Plaintiff does object to the shipping and handling charges associated with delivery of the deposition transcripts. Plaintiff argues that costs charged for delivery, shipping, or handling transcripts are ordinary business expenses that are not recoverable by the City. In its Reply, the City conceded that shipping, handling, and delivery charges for deposition transcripts are not taxable. Thus, the City

10

agreed that the $432.04 sought for these items should not be recovered.

Plaintiff also objects to charges for what she deems "deposition extras" such as ASCII disks or mini transcripts because these items are for the mere convenience of counsel. Plaintiff claims that these convenience charges total $1,001.50. During the hearing, after discussing the relevant case law (as set forth above), the City conceded that charges for these items are not compensable. Consequently, the City stated that it did not oppose a reduction for the charges associated with ASCII disks and mini scripts. Thus, an additional $1,001.50 should be reduced from the City's recovery with respect to court reporter costs.

Taking into consideration the appropriate reductions for shipping, ASCII disks, and mini scripts, the City's recovery for court reporter costs should be reduced by a total of $1,433.54.

**3.     Witness Fees**

Next, Plaintiff contests certain witness fees sought in this case. Specifically, Plaintiff objects to $5,146.50 in witness fees because the City seeks to recover for witness fees in excess of $40.00 per day, the statutory limit set forth in 28 U.S.C. § 1821(b). In response, the City argues that the witness fees above the statutory limit that they are seeking are fees charged by Plaintiff's expert witnesses in order for the City to depose them. It emphasizes that the City incurred the charges because Plaintiff's expert witnesses demanded them. Thus, the City argues that it is illogical for Plaintiff's experts to demand payment above the $40.00 per day attendance fees and then have Plaintiff claim that the amount is unreasonable and, consequently, not recoverable by the City.

The Court first notes that taxation of witness fees is proper pursuant to § 1920(3). The amount, however, is limited by 28 U.S.C. § 1821(b), which provides for attendance fee of $40.00 per day. In addition, a witness is entitled to the actual expenses of travel by common carrier at the

11

most economical rate reasonably available. 28 U.S.C. § 1821(c)(1). Courts do not have the authority to exercise discretion outside of the statutory per diem fee. *Kivi v. Nationwide Mutual Ins. Co.*, 695 F.2d 1285, 1289 (11th Cir. 1983); *Nat'l. Bancard Corp. v. Visa, U.S.A., Inc.*, 112 F.R.D. 62, 67 (S.D. Fla 1986). Indeed, in this circuit, "[i]t is well settled that expert witness fees cannot be assessed in excess of witness fees provided in § 1821." *Kivi*, 695 F.2d at 1289. Only compensation of court appointed experts is taxable under § 1920(6). *Id.* Consequently, based on the limits set forth in § 1821(b) and the absence of limits in § 1920(6), it is clear that the legislature intended to grant federal courts discretion only when awarding costs for court appointed witnesses, not for litigant witnesses. *Crawford Fitting Co., v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987); *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 463 (11th Cir. 1996).

In view of these cases, during the hearing, the Court inquired whether the City could point to any case law supporting its contention that witness fees above $40.00 per day are recoverable, particularly with respect to an opposing party's expert witnesses. Counsel for the City candidly admitted that he could not, but urged the Court to exercise its discretion and award the costs sought. As announced at the hearing, the Court stated that the case law appeared clear that the limit on witness fees is $40.00 per day. The Court, however, provided counsel with an opportunity to present case law supporting his argument regarding reimbursement of all of Plaintiff's expert's costs. The City did not supply the Court with any such case law. Thus, based on the law as discussed above, the Court concludes that these charges are not recoverable.

Consequently, the witness costs sought by the City shall be reduced by $5,146.50. Accordingly, the Court will award $640.00 in witness fees to reflect $40.00 per day for sixteen witnesses total.

### 4. Mediation Services

The City initially requested reimbursement for $343.00 expended for mediation services. However, at the hearing on this matter, counsel for the City indicated that he would withdraw this request. Therefore, the $343.00 in mediation services should be reduced from the overall award to the City.

### 5. Exemplification Charges

With respect to exemplification charges, Plaintiff argues that the burden of establishing entitlement to photocopying expenses lies with the City. In this regard, Plaintiff contends that the City offers little or no explanation in relation to what was copied or how those copies were used. Plaintiff, therefore, initially argued that the entire $1,389.12 sought should be excluded. Additionally, Plaintiff states that for those entries that do offer limited information as to what they were for, certain charges are not compensable. For example, Plaintiff argues that charges for copying Diotaiuto's bank and medical records ($109.25) which, ultimately, were not used in the case should not be permitted. This argument mimics the arguments made by Plaintiff in relation to service fees, discussed above. Plaintiff also urged that the costs associated with videotaping a sound test ($732.25) by the City's expert witness are not included in the categories of taxable costs set forth in § 1920. The City ultimately withdrew its claim for video services for videotaping the sound test. Thus, $732.25 should be reduced from the overall award to the City.

With respect to the remaining costs claimed by the City, the Court notes that the costs of photocopies are recoverable if the copies were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4); *EEOC*, 213 F.3d at 622-23; *Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989) (copies of pleadings, discovery, documents tendered by the

opposing party and documents prepared for the court's consideration constitute recoverable costs), *aff'd,* 914 F.2d 267 (11th Cir. 1990). The party moving for taxation of costs must present evidence "regarding the documents copied including their use or intended use." *Cullens v. Georgia Dept. of Trans.* 29 F.3d 1489, 1494 (11th Cir. 1994); *see also Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992), *aff'd,* 998 F.2d 1023 (11th Cir. 1993). As the prevailing party alone knows the purpose of the copies, it cannot simply make unsubstantiated claims that copies of the documents were necessary. *Helms*, 808 F. Supp. at 1570 (citing *Corsair Asset Mgmt., Inc.*, 142 F.R.D. 347, 353 (N.D. Ga. 1992)); *see, e.g., Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, * 4 (M.D. Fla. Feb. 21. 2007) (copies of checks paid to copy service companies without explanation of underlying charge were not properly charged). Rather, the prevailing party must provide information regarding the purpose of copies charged so the court will be able to determine whether the rates paid for copies were reasonable, whether the copies made were related to the action at issue, and the purpose of the copies. *See, e.g., Lee v. American Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335-36 (S.D. Fla. 2000) (denying copying costs where prevailing party failed to provide description of copies, including why rates paid reasonable or how expenses related to case).

Aside from the costs related to the video of sound testing, during the hearing, the parties set forth their arguments with respect to the remaining exemplification charges. First, Plaintiff objected to the CopyScan video duplication charges of $71.55. After discussion of this item, counsel for the City agreed that there appeared to be three copies of a single video recording made, but only the costs relating to its copy should be reimbursed. Therefore, the charge for video duplication by CopyScan should be divided by three ($23.85) because the total charge included copies for counsel for two other Defendants. Based on the stipulation of the parties, the Court finds that only $23.85 should

be awarded and, therefore, $47.70 should be reduced form the overall award.

Next, the City offered that the $28.75 in costs associated with obtaining records from Ivan Fandel were for Diotaiuto's medical records. Counsel explained that the City obtained these records to determine whether Diotaiuto had any pre-existing conditions that would have contributed to his death. Additionally, the City again noted that these medical records could have been used to determine Diotaiuto's life expectancy to calculate damages. During the hearing on this matter, counsel for Plaintiff conceded that the expense associated with these copies should be awarded. Consequently, no reduction should be made. Further, because Plaintiff did not object to a DVD duplication charge by Conrad & Scherer for $95.00, and the charge is recoverable pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920(4), this amount should be taxed. Moreover, with respect to costs incurred for DVD duplication by Alternative Legal (totaling $381.07), the City agreed to withdraw its request for those charges at the hearing. Accordingly, the Court should reduce the City's award by $381.07.

Finally, the Court addresses the $80.50 charge sought to be recovered by the City for copies obtained from First National Bank of Arizona. The City explained that these copies were mortgage documents for Diotaiuto's home. As noted above, the City's theory was that Diotaiuto worked as a bartender, but if he purchased his home for cash, this fact would tend to show that he made substantial money from his activity as a high-level drug dealer. According to the City, if Diotaiuto was a big-league drug dealer then the SWAT team needed to take greater measures in apprehending him.

For the reasons stated above in relation to the discussion of service costs, the Court agrees with Plaintiff that the underlying claims of the case did not raise the issue of the status of Diotaiuto's

mortgage. Hence, the Court believes that there was no need to obtain Diotaiuto's mortgage records to ascertain what type of measures were necessary for executing the search warrant. Consequently, the $80.50 in costs sought by the City should not be awarded.

Ultimately, the exemplification costs sought by the City should be reduced by $1,241.52. Accordingly, the Court should award a total of $147.60 in exemplification charges.

### 6. Filing Fee

The City seeks to recover the $350.00 filing fee associated with the removal of this case from state court to federal court. Plaintiff does not challenge this cost, and the City is entitled to recover it pursuant to 28 U.S.C. § 1920(1). *See For Play Ltd. v. Bow to Stern Maintenance, Inc.*, 2006 WL 3662339, * 10 (S.D. Fla. Nov. 6, 2006). Accordingly, the City should recover the $350.00 in filing fees.

### III. CONCLUSION & RECOMMENDATION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Defendant's Verified Motion to Tax Costs [D.E. 254] be **GRANTED IN PART AND DENIED IN PART** and that Plaintiff be ordered to pay Defendant's costs in the amount of **$16,080.44**.

The parties shall have ten (10) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal the factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*,

677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND ORDERED** in Fort Lauderdale, Florida this 3rd day of December, 2008.

ROBIN S. ROSENBAUM
U.S. MAGISTRATE JUDGE

cc:   The Honorable William P. Dimitrouleas
      Counsel of Record