UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-60476-CIV-DIMITROULEAS

MARLENE WHITTIER,
as Personal Representative for      Magistrate Judge Rosenbaum
the Estate of ANTHONY
DIOTAIUTO, deceased and
individually,

vs.

CITY OF SUNRISE, a Municipality
of the State of Florida, ANDRE BRUNA,
individually, SEAN VISNERS, individually,
DAVID BOYETT, individually, DANIEL
KOBAYASHI, individually, ERIC GOLDSTEIN,
Individually, and ERIK PALACIO, individually,

     Defendants.
_____/

**ORDER APPROVING REPORT AND RECOMMENDATION**
**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S VERIFIED MOTION TO TAX COSTS**
**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO TAX ATTORNEY'S FEES**

     THIS CAUSE is before the Court upon the Defendant City of Sunrise's Verified Motion to Tax Costs [DE 254] filed on May 30, 2008, the Report and Recommendation of Magistrate Judge Robin S. Rosenbaum entered on December 3, 2008 [DE 287], the Defendant City of Sunrise's Motion to Tax Attorney's Fees Pursuant to 42 U.S.C. § 1988 [DE 260], and the Report and Recommendation of Magistrate Judge Rosenbaum entered on March 6, 2009 [DE 295]. The Court has conducted a *de novo* review of the Reports, the Motions, the Plaintiff's Responses [DE 266, 274], the Defendant's Replies [DE 272, 275], the Plaintiff's Objections to the Reports and Recommendations [DE 289, 290, 296], the Defendant's Response Pursuant to this Court's Order

1

[DE 294], and the record.

As the Magistrate Judge explained more fully, courts award attorney's fees under 42 U.S.C. §§ 1983, 1988 when they find that the plaintiff's claims were "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate" after it became clear that the claims had become so. Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978). The claims must be "so lacking in arguable merit as to be groundless or without foundation". Sullivan v. Sch. Bd. of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985) (quotations omitted).

*A. Motion to Tax Costs*

The Court agrees with the reasoning and analysis of the Magistrate Judge that Defendant City of Sunrise's Verified Motion to Tax Costs [DE 254] should be granted in part and denied in part. Plaintiff objected to the Magistrate Judge's Report and contended that the Plaintiff, as personal representative to the estate of Anthony Diotaiuto, should not be personally liable for the cost judgment. City of Sunrise responded that, since Plaintiff had controlled the litigation and stood to gain from any positive results, she should bear the costs of the negative results. The Court agrees with the Plaintiff that she is not personally liable for costs associated with claims made solely as the personal representative of an estate. Beseau v. Bhalani, 904 So. 2d 641, 642 (Fla. 5th DCA 2005).

Plaintiff also objected at the phrasing in the Report, where it is recommended that she "be ordered to pay Defendant's costs in the amount of $16,080.44." The Court agrees that the judgment should reflect that the City of Sunrise is entitled to the award, rather than specifically order Plaintiff to pay.

*B. Motion to Tax Attorney's Fees*

The Magistrate Judge found that Defendant City of Sunrise's Motion to Tax Attorney's Fees Pursuant to 42 U.S.C. § 1988 [DE 260] should be granted in part and denied in part. In the Report, the Magistrate Judge found that the City of Sunrise should not be awarded attorney's fees because Plaintiff's claims were non-frivolous, with the exception of the attorney's fees regarding Plaintiff's claims that the Defendant violated the decedent Anthony Diotaiuto's constitutional rights when deploying a flash-bang device either at Mr. Diotaiuto, or without regard to his presence. As explained in this Court's Order Granting Defendant City of Sunrise's Motion for Summary Judgment [DE 238] and in the Report [DE 295], the Plaintiff, in order to prevail, was required to show that the City had an official policy or custom that was the moving force behind the deprivation of the decedent's constitutional rights. The Magistrate Judge found that Plaintiff did not have any factual basis to support either the contention that the flash-bang device was thrown directly at or blindly into his home or the contention that the City had a custom or policy of deploying flash-bang devices blindly into people's homes without regard to their presence.

Plaintiff objects to these findings of the Magistrate Judge. First, she argues that because Officer Goldstein testified that he saw Mr. Diotaiuto in the living room, there was an inference that Officer Bruna's testimony was false that there was no one in the area before he threw the flash-bang device. Second, Plaintiff argues that the lack of physical evidence of Mr. Diotaiuto suffering injury does not indicate a complete lack of evidence of injury. Plaintiff's expert audiologist testified that had Mr. Diotaiuto been within six or seven feet of the flash-bang device when it detonated, he would have suffered temporary hearing loss. (Deposition of Thomas D. Thunder, pgs. 85-91). Plaintiff argues that such injury is sufficient to raise a Fourth Amendment

claim.

Plaintiff also objects to the finding that she provided no evidence of a custom of policy by the City of Sunrise to deploy flash-bang devices blindly or directly at people. For evidence of a custom of policy, Plaintiff points to "the fact that Officer Bruna had been instructed where to throw the device in advance". According to Plaintiff, having an advance plan of where to deploy a flash-bang device raises the inference that there was a policy or custom to deploy the devices blindly or directly at people. Plaintiff also notes that flash-bang devices are used routinely in executing high risk search warrants raises the inference that they are used without regard to an occupant's location.

While Plaintiff perhaps points to evidence that her claim that Officer Bruna deployed the flash-bang device blindly or directly at Diotaiuto was non-frivolous,[1] she fails to describe any evidence in her objections that the City of Sunrise had a custom or policy to deploy flash-bang devices without regard to people in the vicinity. Officers testified they had specifically been trained not to deploy the flash-bang devices in that manner. That the City of Sunrise used flash-bang devices routinely in high-risk search warrant executions does not at all address the question of, or raise any inference regarding, the manner of how they were deployed. Neither does an advance plan of where to deploy the flash-bang device raise such an inference. There is no

---

[1] The discrepancy between Officer Goldstein and Officer Bruna's testimony perhaps provided grounds that Officer Bruna deployed the flash-bang device blindly or directly at Mr. Diotaiuto, and that he suffered some type of injury. However, Plaintiff would still have to clear the hurdle of showing that the force used by Officer Bruna was unreasonable in the circumstances. See Graham v. Connor, 490 U.S. 386, 395 (1989); Willingam v. Loughnan, 261 F.3d 1178, 1186 (11th Cir. 2001). We do not have to decide, however, whether Plaintiff's claim in this regard was frivolous, as we find that Plaintiff's claim regarding City of Sunrise's custom or policy was groundless.

contradiction between officers having an initial plan of where to deploy a flash-bang device and their training which instructed them not to deploy them in the vicinity of people. The evidence Plaintiff brought forth simply did not provide any grounds for the claim that the City of Sunrise had a policy or custom to deploy flash-bang devices blindly or directly at people.

This Court ordered that the Defendant City of Sunrise shall have thirty (30) days following a decision to grant their Motion to Tax Attorney's Fees to provide the necessary documentation required by Local Rul 7.3. [DE 273].

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation of Magistrate Judge Robin S. Rosenbaum entered on December 3, 2008 [DE 287] is hereby **ADOPTED in part**;

2. Plaintiff's Objection to the Report and Recommendation on Defendant City of Sunrise's Verified Motion to Tax Costs [DE 289, 290] are hereby **SUSTAINED**;

3. Defendant City of Sunrise's Verified Motion to Tax Costs [DE 254] is hereby **GRANTED**;

4. Defendant City of Sunrise shall recover from the estate of Anthony L. Diotaiuto an award of $16,080.44 in costs.

5. The Report and Recommendation of Magistrate Judge Rosenbaum entered on March 6, 2009 [DE 295] is hereby **ADOPTED**;

6. Plaintiff's Objections to Magistrate's Order of March 6, 2009 are hereby **OVERRULED**;

7. Defendant City of Sunrise's Motion to Tax Attorney's Fees Pursuant to 42 U.S.C. § 1988 [DE 260] is hereby **GRANTED in part** and **DENIED in part**;

8.  Defendant City of Sunrise shall submit the necessary documentation to comply with Local Rule 7.3 and support a judgment for attorney's fees consistent with the findings in this Order and the Magistrate Judge's Report and Recommendation on or before April 22, 2009.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 23rd day of March, 2009.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record