```
                   UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF FLORIDA

               CASE NO. 07-60476-CIV-DIMITROULEAS
```

MARLENE WHITTIER, as Personal
Representative for the Estate of
ANTHONY DIOTIUTO, deceased, and individually,

      Plaintiff,

vs.

CITY OF SUNRISE, et al.

      Defendants.

_____/

## **REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court on the following motions:

1. Motion of Defendants Andre Brina and Sean Visners to Tax Costs (DE 314),

2. Defendants Eric Goldstein and Erik Palacio's Motion to Tax Costs (DE 306) and

3. Defendant Daniel Kobayashi's Motion to Tax Costs (DE 308), which were referred to United States Magistrate Judge Lurana S. Snow. The motions are fully briefed and are ripe for consideration.

Each of the motions seeks recovery of taxable costs pursuant to 28 U.S.C. § 1920. Pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920, the Court shall award costs to the prevailing party in a lawsuit. Rule 54(d) creates a presumption in favor of awarding costs, which the opposing party must overcome. Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991).

Taxable costs are identified in 28 U.S.C. § 1920:

> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The plaintiff has challenged some of the costs claimed by the defendants as not recoverable pursuant to these provisions.

## I. DISCUSSION

### A. Motion of Defendants Brina and Visners (DE 314)

These defendants have filed a Bill of Costs seeking court reporters' fees, expert fees, mediation fees, copy costs and travel expenses totaling $24,811.79. (DE 314, Ex.A) The plaintiff, in her response, contends that the defendants are not entitled to expert fees, mediation fees and travel expenses, and that copy costs are not recoverable because they are not sufficiently identified. The plaintiff does not challenge the costs incurred by the defendants

for court reporters. In their reply, defendants withdrew their claims for expert fees ($12,600.92) and mediation fees ($343.00).

### 1. Copy Costs

The defendants seek a total of $8,696.75 for in-house copy costs. These costs are identified only by date, case and number of copies. The defendants also seek reimbursement in the amount of $388.23 for copies of documents from the State Attorney's Office made by CopyScan, Inc., and in the amount of $40.00 for copies of audio/video cassettes made by Michael J. Satz, State Attorney.

The plaintiff challenges the charge for in-house copying costs on the ground that the defendants have failed to explain what documents were copied and how they were used in the case, citing Sanglap v. LaSalle Bank, FSB, 194 F. Supp. 2d 798, 803 (N.D. Ill. 2002) and King v. FSA Network, Inc., 2007 WL 3072262, *4 (S.D. Fla. 2007), for the proposition that the claimed in-house copy costs should be denied in their entirety.

In their reply, the defendants cite Dillon v. Axxys International, Inc., 2006 WL 3841809, *7 (M.D. Fla. 2006), where the court stated that entitlement to copy costs "does not require an accounting for each photocopy because that would make it impossible economically to recover those expenses." The defendants assert that all copying costs in counsel's office require the attorney to enter the case code number, and only copies necessary

in the defense of the action are included in the charged items. (DE 322 at 4)

In Scelta v. Delicatessen Support Services, Inc., 203 F. Supp.2d 1328, 1340 (M.D.Fla. 2002) the Court noted that under 28 U.S.C. § 1920(4) photocopying is compensable if it was necessarily obtained for use in the case. "In making this determination, 'the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers in issue.'" Id. at 1340, quoting W&O, Inc., 213 F.3d at 623. The court further noted that the burden of establishing entitlement to copying costs lies with the prevailing party, citing Desisto College, Inc. v. Town of Howey-in-the-Hills, 718 F.Supp. 906, 914 (M.D.Fla. 1989)(holding that the prevailing party must itemize photocopying costs to distinguish compensable copies from those made for the convenience of counsel). The Scelta court held that billing records which merely list "copies" or "photocopies" without any description of the nature or purpose of the photocopying was insufficient. The court acknowledged that while an accounting for each photocopy was implausible, the prevailing party must make some attempt to differentiate recoverable copying costs from non-recoverable general photocopying expenses. Scelta, 203 F. Supp.2d at 1340, citing Fulton Fed. Savings & Loan Assoc. of Atlanta v. American Ins. Co., 143 F.R.D. 292, 300 (N.D. Ga. 1991). Since the court had no basis for determining which copying costs were

compensable, the claim was rejected in its entirety. Scelta, 203 F. Supp.2d at 1340-1341; *see also,* Aranda v. Jewish Community Services of South Florida, Inc., 2007 WL 707384, *2 (S.D.Fla. 2007).

In the instant case, the defendant's invoice for in-house copying costs does not contain any differentiation between recoverable photocopying costs and costs incurred for the convenience of counsel.  Although some of the listed costs undoubtedly are recoverable, there is no basis in the record to identify which photocopies qualify for reimbursement under 28 U.S.C. § 1920(4).  Therefore, the defendant's claim of $8,696.75 for in-house copying must be denied in its entirety.  Scelta; Desisto; Aranda.

### 2. Travel Expenses

The defendants also seek reimbursement of $747.51 for counsel's expenses incurred in connection with a deposition of the plaintiff's expert witness in Las Vegas.  The plaintiff objects to this cost, pointing out that travel expenses cannot be taxed under § 1920.  Tang How v. Edward J. Gerrits, Inc., 756 F. Supp. 1540, 1546 (S.D. Fla. 1991); Exhibit Icons, LLC v. XP Companies, LLC, 2009 WL 387667, *5 (S.D. Fla. 2009).

In their reply, the defendants concede that travel expenses generally are not taxable as costs, but point out that § 1920(3) allows certain travel expenses incurred by witnesses

5

traveling to depositions. The defendants also note that the deposition was held in Las Vegas for the convenience of the plaintiff, and is distinguishable from a case where a party hires an attorney who must travel to the jurisdiction where the case is pending.

As the Court stated in Exhibit Icons, 2009 WL 387667 at *5, "Nothing is 28 U.S.C. § 1920 supports the taxing of travel expenses for attorneys. With respect to travel expenses, the only allowable taxable costs relate to witnesses." Accordingly, the $747.51 in attorney travel expenses must be disallowed.

B. Motion of Defendants Goldstein and Palacio (DE 306)

Defendants Goldstein and Palacio have filed a Bill of Costs seeking $5,957.68 in total taxable costs for service of subpoenas, court reporter fees and exemplification charges. The plaintiff contests the portions of court reporter's fees which pertain to shipping, delivery or handling ($59.50) and to videotape depositions ($194.99). The plaintiff also challenges the claimed exemplification (copying) costs based on the lack of information pertaining to what was being copied and how it was used in the case.

In their reply, the defendants state that the shipping, handling and delivery charges were not claimed in their bill of costs; that the decision to videotape the depositions was made by the plaintiff, and the transcripts of these depositions were used

in the defendants' motion for summary judgment, and that the documents copied were the State Attorney's file, memorial service records, and records of the deceased's physician, which were necessitated by the plaintiff's allegations.

1. <u>Court Reporter Fees</u>

The defendants have not sought to tax delivery, shipping or handling costs related to depositions. As to the cost of the videotaped deposition, 28 U.S.C. §1920(2) provides that "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" are taxable costs. The undersigned finds that the videotaped depositions were necessarily obtained for use in the case, and their cost is taxable.

2. <u>Exemplification Costs</u>

The copying costs claimed by the defendants include: copies of State Attorney file records made by CopyScan, Inc., in the amount of $398.83; copies made by Fred Hunter Memorial Services, Inc., in the amount of $31.26; copies made by Ivar B. Fandel, in the amount of $40; CD and DVD copies made by the law offices of Conrad & Scherer, LLP (plaintiff's counsel) in the amount of $95.00; and copies made by Black's Copy Services in the amounts of $75.05. $28.25, $65.27, $659.76, $219.03 and $192.60, for a total of $1239.96.

Neither the Bill of Costs nor the invoices from Black's Copy Services identify in any way the documents that were copied or

the reason for copying. Therefore, this Court cannot determine whether the copies were necessary for litigation or for the convenience of counsel, and the $1239.96 from Black's Copy must be disallowed. Scelta, 203 F. Supp.2d at 1340-1341; Aranda, 2007 WL 707384 at *2.

C. Motion of Defendant Kobayashi (DE 308)

Defendant Kobayashi does not seek a separate award of costs, but an order reflecting that the costs of $16,080.44 awarded to the City of Sunrise, a defendant represented by the same counsel as defendant Kobayashi, are taxable on his behalf as well in a "concurrent or joint and several award." (DE 308 at 2) The plaintiff objects to such an award, pointing out that in her Report and Recommendation awarding these costs to the City of Sunrise, United States Magistrate Judge Robin Rosenbaum warned, "if Kobayashi ultimately prevails on the claims brought against him, he may not recover any overlapping costs that were awarded to the City." (DE 287 at 6)

In his reply, defendant Kobayashi points out that the Order granting the City's motion for summary judgment has been appealed. The defendant states that he does not seek to recover any additional costs, but contends that he would be entitled to the costs awarded to the City should the City lose its entitlement to them if the grant of summary judgment is reversed.

Judge Rosenbaum, in her report and recommendation on the City of Sunrise's motion to tax costs, noted that the plaintiff had objected to the award of all costs claimed by the City, arguing that the costs should be apportioned between the City and defendant Kobayashi.  The judge further noted that counsel for the City of Sunrise represented, as an officer of the Court, that all of the costs sought had been incurred on behalf of the City.  The judge found that there was no evidence to suggest that defendant Kobayashi had any individual responsibility for the costs incurred by the City. (DE 287 at 4-5)

Nevertheless, defendant Kobayashi now seeks an Order stating that he and the City are concurrently or jointly and severally entitled to the costs awarded by this Court to the City of Sunrise. The undersigned is not aware of any legal authority for the relief sought by defendant Kobayashi, and the defendant has not cited any cases where an order such as the one he requests was entered.  In essence, the defendant seeks a declaratory judgment on the issue of his entitlement to the costs awarded to the City if the City loses on appeal.  Based on the absence any legal authority supporting the defendant's motion, it must be denied.

### III. CONCLUSION

For the foregoing reasons, it is RECOMMENDED as follows:

1. The Motion of Defendants Andre Brina and Sean Visners to Tax Costs (DE 314), be GRANTED, in part, in that a total of $15,367.53 in costs be taxed in favor of these defendants.

      2. Defendants Eric Goldstein and Erik Palacio's Motion to Tax Costs (DE 306) be GRANTED, in part, in that a total of $4717.72 in costs be taxed in favor of these defendants.

      3. Defendant Daniel Kobayashi's Motion to Tax Costs (DE 308) be DENIED.

      The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1998), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

      DONE AND SUBMITTED at Fort Lauderdale, Florida, this 11th day of June, 2010.

                                            /s/ Lurana S. Snow
                                            LURANA S. SNOW
                                            UNITED STATES MAGISTRATE JUDGE

Copies to:

All Counsel of Record