UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-60476-CIV-DIMITROULEAS

MARLENE WHITTIER,
as Personal Representative for
the Estate of ANTHONY
DIOTAIUTO, deceased and
individually,

Magistrate Judge Snow

vs.

CITY OF SUNRISE, a Municipality
of the State of Florida, ANDRE BRUNA,
individually, SEAN VISNERS, individually,
DAVID BOYETT, individually, DANIEL
KOBAYASHI, individually, ERIC GOLDSTEIN,
Individually, and ERIK PALACIO, individually,

    Defendants.
_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE

THIS CAUSE is before the Court upon the Defendants Andre Bruna's and Sean Visners's Motion to Tax Costs [DE 314], Defendants Eric Goldstein's and Erik Palacio's Motion to Tax Costs [DE 306], and Defendant Daniel Kobayashi's Motion to Tax Costs [DE 308] and the Report and Recommendation of Magistrate Judge Lurana S. Snow, dated June 11, 2009 [DE 326]. The Court notes that no objections to the Report have been filed, and the time for filing such objections has passed. As no timely objections were filed, any factual findings by the Magistrate Judge in the Report are hereby adopted and deemed incorporated into this opinion. LoConte v. Dugger, 847 F.2d 745, 749-50 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Although no timely objections were filed, the Court has conducted a *de novo* review of

the Report and record and is otherwise fully advised in the premises.  With regard to Bruna and Visners's Motion, we agree with the Magistrate Judge that claims for costs covering copies that are not sufficiently identified must be rejected since the Court cannot determine how many of the copies were necessary.  We also agree that travel expenses for attorneys to depositions are disallowed.  We agree with the Magistrate Judge's recommendation that the Motion should be granted in part, and denied as to the costs discussed above.

As to Goldstein and Palacio's motion, we agree with the Magistrate Judge's finding that expenses for the videotape deposition can be taxed to the Plaintiff, but, as above, the photocopies were not sufficiently identified to tax costs.  We agree the Motion should be granted in part.  Finally, we agree with the Magistrate Judge that Kobayashi's Motion should be denied for lack of authority that to support that he is entitled to costs awarded to the City if the City loses on appeal.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 326] is hereby **ADOPTED**;

2. Defendants Andre Bruna's and Sean Visners's Motion to Tax Costs [DE 314] is hereby **GRANTED in part**;

3. Defendants Andre Bruna and Sean Visners shall recover from Plaintiff Marlene Whittier the amount of $15,367.53 in costs;

4. Defendants Eric Goldstein's and Erik Palacio's Motion to Tax Costs [DE 306] is hereby **GRANTED in part**;

5. Defendants Eric Goldstein and Erik Palacio shall recover from Plaintiff Marlene

  Whittier the amount of $4,717.72 in costs;

6. Defendant Daniel Kobayashi's Motion to Tax Costs [DE 308] is hereby

 **DENIED**.

 **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of August, 2010.

*/s/ William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Magistrate Judge Snow

Counsel of record